## Finney *against* Ferguson.

The confession of a judgment by a defendant in a pending suit, after the death of the plaintiff, and before substitution of his representatives, is void, both as regards the representatives of the plaintiff, and any third person who may be collaterally interested in the payment of the same.

If a legal plaintiff be admitted to testify by reason of his having assigned his claim to another, for whose use the suit is brought, it is error afterwards to admit evidence of another claim, which the plaintiff had not assigned.

ERROR to the Common Pleas of *Dauphin* county.

David Ferguson, for the use of John Cochran, against Thomas Finney.

This was an action of *assumpsit*, in which the plaintiff declared for money had and received, and gave in evidence the following receipt:

Received, May 5th 1824, of David Ferguson, two bonds payable by Jacob Frantz and Philip Brown, to Adam Brightbill, each bond for $400. The first bond becomes due on the 1st May 1830, the second on 1st May 1831, and an assignment of the one-half of 400 acres of land on the Blue Mountain, held by warrant from the commonwealth by Samuel Finney, deceased, and the said David Ferguson, which bonds and land I leave in the hands of said Thomas Finney, to indemnify him for his father, the said Samuel Finney, being bound or bail in a bond to Mary Milligan, and now in suit, and one note payable by the said David Ferguson, to the aforesaid Samuel Finney, amounting now with interest to

　　　　　　　　　　　THOMAS FINNEY.

The plaintiff then offered David Ferguson as a witness, having first shown an assignment by him to Cochran of all his claim arising out of the payment of the two mentioned bonds, made before this suit was brought; but which assignment made no mention of the claim arising out of the sale of the land as set out in the receipt. The defendant objected to the witness, but the court overruled the objection, and sealed a bill of exception. Proof was then given of the receipt of the amount of the bonds by the defendant, and the sale of the land and receipt of the purchase money.

The defendant then gave in evidence the record of the action of Mary Milligan against David Ferguson and Samuel Finney, founded upon the bond referred to in the receipt of Thomas Finney, which was for $1200, brought to November term 1823, in which, on the 1st of February 1836, the death of Mary Milligan, the plaintiff, was suggested; and in which this entry was made: " And now, to wit, 18th of March 1840, David Ferguson, the sur-

　　　　　　　III. — 2 K *

viving defendant in this suit, confesses judgment for plaintiff for the sum of $800, with interest from the 7th of April 1822, with release of errors." To April term 1824, a *scire facias* had been issued by the plaintiff against the personal representatives of Samuel Finney, to make them parties to the suit: for whom there was an appearance, and plea " that no *scire facias* could issue, there being a surviving obligor." And here the matter rested.

The defendant requested the court to charge the jury:

That the plaintiff is not entitled to recover in this cause, inasmuch as if under the receipt given in evidence, dated 5th of May 1824, Thomas Finney had a right to retain the amount of the two bonds specified therein, until the rendition of a legal and valid judgment in the suit by Mary Milligan against Samuel Finney and David Ferguson, there is no such judgment in that case, such judgment being confessed in a suit in which there was no plaintiff on record, *then in being*, by David Ferguson, on the 18th of March 1840, more than four years after the death of Mary Milligan, the plaintiff, was suggested upon the record of that suit by her counsel, and no representatives afterwards substituted.

That David Ferguson not having transferred to John Cochran (under the assignment given in evidence) any moneys arising out of the sale of the land, but only the moneys arising from *the bonds*, such moneys are not now in any way or manner included in this suit, and cannot be taken here into the consideration of the jury in making up their verdict, that being the subject of future adjudication between Thomas Finney and David Ferguson.

The court answered both these points in the negative.

*Fisher*, for plaintiff in error, argued that the confession of the judgment, after the death of the plaintiff, for the purpose of affecting the plaintiff's right to recover in this action, was fraudulent and void, and cited 1 *Peters* 340; 2 *Peters* 163; 9 *Wheat.* 541; 4 *Cowen* 457; 13 *Johns.* 206; 15 *Johns.* 121; 9 *Mass.* 462.

*M'Cormick, contra*, on the same point, argued that the judgment thus confessed in another action between other parties was not void, nor could its validity be inquired into collaterally, and cited 4 *Watts* 278; 1 *Watts & Serg.* 441; 1 *Penn. Rep.* 121.

The opinion of the Court was delivered by

KENNEDY, J.—The only matters assigned for error, which have been sustained, are the exceptions to the answers given by the court to the first and eighth points, submitted by the defendant to the court for its instruction to the jury.

By the first point the court was requested to instruct the jury, (here the learned Judge states the first point). " This," the court said, " is denied." The President Judge had also told the jury previously, in his general charge, that he was inclined to the opin-

[Finney v. Ferguson.]

ion that Samuel Finney's estate was discharged by his death from liability on the bond, whereon the joint suit was previously brought against him and David Ferguson, and pending at the time of the death of Samuel Finney. In this opinion, however, his Honour was clearly mistaken, for the bond in its terms was joint and several; and as no judgment had been obtained upon it in the suit brought against Ferguson and Samuel Finney jointly, at the time of the death of the latter, it was still competent for the plaintiff therein, notwithstanding she had elected to sue them jointly, to discontinue that suit, after the death of Finney, and to institute a separate action against the administrators of Finney, as also another, if she chose, against Ferguson, the surviving obligor. We are also of opinion, that his Honour erred in not charging the jury, on the defendant's first point, that the judgment confessed by David Ferguson was not such as could avail him or his assignee, in this action, and defeat the personal representatives of Mary Milligan thereafter from recovering the amount of the bond from the personal representatives of Samuel Finney, then deceased. David Ferguson, when he confessed the judgment, knew that Mary Milligan, the plaintiff, was dead, that her representatives had never been substituted as a party to the suit; that the record showed that her attorney, by leave of the court, had withdrawn his name; and we must also suppose that he knew that Mary Milligan, as long as she lived, was unwilling to take him alone for the payment of the bond and to release Samuel Finney's estate, for of this she furnished plenary evidence in her lifetime, by suing out a writ of *scire facias,* after the death of Finney, to make his administrators a party in his place to the suit; who, upon being served with the writ, appeared by counsel, and pleaded that, in law, they could not be joined in the action with the surviving obligor. The question raised by this plea was not decided but still pending when Mary Milligan, the plaintiff, died. Had she lived until it was tried, it must have been decided against her. And no doubt, then, as she was unwilling to take Ferguson alone for the payment of her debt, she would have discontinued the joint suit, and most probably have brought two suits severally against Ferguson and the administrators of Finney, in which she would have been entitled to a judgment against each on the several character of the bond. And this her representatives may do yet; for the judgment confessed by Ferguson must be set aside, at once, upon their application made to the court for that purpose, so that it will be out of the way and afford no objection. Besides, it is very obvious that the object of Ferguson, in confessing the judgment, was improper, if not highly fraudulent. He wished to deprive the representatives of Mary Milligan, without their consent, of the right which they had to recover the debt of their testatrix or intestate from the estate of Finney, and to appropriate the funds which he had placed in Thomas Finney's hands, as an

[Finney v. Ferguson.]

indemnity to the estate of Samuel Finney, to a quite different object. The judgment, therefore, being fraudulent, may be considered in this collateral suit as of no validity, and more especially so as against the party, or Cochran claiming under him, who has attempted to practise the fraud by entering the judgment improperly. If Ferguson had been disposed to do what was right, he ought to have brought the representatives of Mary Milligan into court by a writ of *scire facias*, so as to have made them plaintiffs in the action; and having done this, he might then have confessed the judgment, provided they were willing to accept it. We, therefore, think that the estate of Samuel Finney still remains liable to the estate, or representatives of Mary Milligan, for the amount of the $800 bond given to her by Ferguson, who was the real debtor, and Samuel Finney as his surety: and this being the case, the plaintiff below has no right whatever to recover in this action.

The question of the right of the plaintiff below to recover in this action, being thus disposed of, renders it needless to say more of the answer of the court to the defendant's eighth point, than that the land was clearly not embraced .in the assignment made by Ferguson to Cochran, and therefore ought not to have been submitted to the jury on the testimony of Ferguson, who would seem to have had an interest in it.

Judgment reversed.