## Felty v. Felty.

*Umbel, Robinson & McKean,* for petitioner; *F. E. Younkin,* for defendant.

HUDSON, P. J., March 5, 1928.—This case comes before us on a motion by a subsequent judgment creditor to strike from the record the judgment entered at the above number and term and the revivals thereof, for the reason that the plaintiff had been dead for more than a year at the time of the entry of the original judgment.

There was no testimony taken, but from the pleadings we gather the following facts:

*(a)* That a promissory note for $4800, under seal, with power to confess judgment and given for a valuable consideration, was executed by Christian Felty, defendant, to Anna E. Felty, his wife, on Jan. 1, 1904, and delivered to her on March 1, 1904, and at this time she requested him to file said judgment note of record, which he neglected to do.

*(b)* That Anna E. Felty died Sept. 27, 1910, intestate, leaving to survive her as her heirs-at-law, Christian Felty and the following-named children: Guy Felty, G. P. Felty and Hazel Felty.

*(c)* That the said judgment note was produced at the prothonotary's office on April 6, 1912, by the defendant, and judgment entered thereon by the prothonotary at the above number and term in favor of Anna E. Felty, plaintiff, and against Christian Felty, defendant, for the sum of $4800, with interest thereon from Jan. 1, 1904.

*(d)* That, on June 20, 1916, letters of administration on the estate of Anna E. Felty were granted to Charles D. Baer, an attorney of Connellsville, Pennsylvania. In his application for letters, no mention was made of the note. Before the letters were granted, a citation was issued and served upon Christian Felty, husband, to come and take out letters or show cause why the same should not issue to Charles D. Baer.

*(e)* That, on April 6, 1918, an amicable *scire facias sur* judgment, signed by the defendant, was filed by him in the prothonotary's office, at No. 240, June Term, 1918, for the purpose of reviving and continuing the lien of the original judgment; and, on the same day, the prothonotary revived said judg-

ment in favor of Anna E. Felty, plaintiff, and against the defendant, Christian Felty.

*(f)* That, on March 20, 1922, Christian E. Felty, defendant, for a valuable consideration, executed and delivered to the Union Acceptance Company a certain promissory note, under seal, with power to confess judgment, for $10,000, and, on March 22, 1922, the said judgment note was filed of record in the prothonotary's office and judgment entered thereon at No. 175, June Term, 1922.

*(g)* That, on April 7, 1922, an amicable *scire facias sur* judgment, signed by the defendant, was again filed by him at No. 238, June Term, 1923, for the purpose of reviving and continuing the lien of the judgment entered at No. 240, June Term, 1918; and, on the same day, the prothonotary revived said judgment in favor of Anna E. Felty, plaintiff, and against Christian Felty, defendant.

On Dec. 22, 1924, the Union Acceptance Company, judgment creditor, presented its petition to court, and a rule was granted upon Charles D. Baer, administrator of Anna E. Felty, deceased, Christian Felty, defendant, and Guy Felty et al., to show cause why the original judgment and the revivals thereof should not be stricken from the record.

The petitioner claims that the judgment should be stricken from the record for the reason that at the time of its entry in 1912, Anna E. Felty, plaintiff, had been dead for more than a year, and for this reason it was a nullity— void *ab initio.*

The defendant contends that the only ground upon which the petitioner can attack the judgment is that of fraud, and that there is no allegation of fraud.

Which of these two positions is correct?

The Act of Assembly of Feb. 24, 1806, § 28, 4 Sm. Laws, 278, provides: "It shall be the duty of the prothonotary of any court of record within this Commonwealth, on the application of any person being the original holder, or assignee of such holder, of a note . . . in which judgment is confessed, or containing a warrant for any attorney-at-law or other person to confess judgment, to enter judgment against the person or persons who executed the same."

It is well-settled law of this State that a judgment cannot be entered against a defendant who is dead. In Lanning *v.* Pawson, 38 Pa. 480, the court struck off the judgment that had been entered on a warrant of attorney, because of the previous death of the defendant. Lowrie, C. J., said: "It was manifestly very proper to allow this issue, and, of course, to strike off the judgment that had been entered on the warrant of attorney, on the fact being found that the defendant was dead before it was entered."

"If the court has jurisdiction of the parties and the subject-matter, and the defendant, after having appeared and pleaded, dies, the judgment subsequently entered against him will, at most, be voidable, and may, in some cases, be made entirely valid by retroactive entry. But it is essential that jurisdiction should have attached during the defendant's life; and *if the action is commenced against one already dead, the judgment will be absolutely void for want of jurisdiction:*" 1 Black on Judgments (2nd ed.), § 203, page 299.

"Although there are decisions to the effect that where the plaintiff is dead at the time of commencing the suit, the judgment rendered therein is merely erroneous and not void, the sounder view and the one supported apparently by the weight of authority is that to invest a judgment for or against a deceased person with any validity, it is absolutely essential that jurisdiction should have attached during the lifetime of the plaintiff or defendant, and that if an action is commenced in favor of or against one already dead, *the*

*judgment rendered therein is absolutely null and void for want of jurisdiction, and the fact of death may be shown on either direct or collateral attack.* Any party in interest can raise the question, since no judicial record will be sufficient to create an estoppel preventing production of proof of such death. In accordance with this rule, it has been held that a decree based on a summons against a dead man, who is named as the owner of property, the sale of which is sought for an assessment for an improvement, is of no validity whatever, no matter how the summons was posted or published, although such notice, in case of unknown owners, might be sufficient:" 15 Ruling Case Law, § 59, page 619.

It seems to be the law of this State that when the court has acquired the jurisdiction of the parties, judgment entered for or against the parties is not void, but voidable, depending upon the circumstances of that particular case: Carr *v.* Townsend's Executors, 63 Pa. 202; Warder *v.* Tainter, 4 Watts, 270; Murray *v.* Weigle, 118 Pa. 159.

Can judgment be entered in favor of a plaintiff who is dead where the court has not acquired jurisdiction of the parties prior to the death of the plaintiff? We are of the opinion that it cannot, and that such judgment is a nullity—absolutely void.

In Ingersoll *v.* Dyott, 1 Miles, 245, judgment was entered on a bond without consent of the obligees or plaintiffs; upon motion of the plaintiffs, the judgment was stricken from the record. The court said: "It distinctly appears that the entry here of what purported to be a judgment was made by the prothonotary on the application of the individual who executed the warrant of attorney, and not on the application of any party who, in the sense of the law, was the holder of the instrument. *There was, then, no judgment in conformity with or founded upon the act of assembly.* It also distinctly appears that the persons stated to be the plaintiffs never authorized the use which has been made of their names. . . . In consequence of a remark of the defendant's counsel, it may be proper to observe that the authority of the court to strike out the judgment cannot be questioned. In Kellogg *v.* Krauser, 14 Sergeant & Rawle, 143 Chief Justice Tilghman asserts the power of the court, under certain circumstances, to order a judgment to be erased from their record, and says that it is not now a matter of doubt whether the court can entertain a motion to strike out or open a judgment entered on a warrant of attorney. The duty of the court is equally obvious. The judgment was irregularly entered, and nothing has occurred since which could possibly give it force and validity. The court are bound to set it aside."

In Wentz *v.* Bealor, 14 Pa. C. C. Reps. 337-339, Lyons, P. J., said:

"And where a judgment was entered against defendant by virtue of a warrant of attorney, and writ of *fi. fa.* issued thereon and defendant's personal property levied on, on petition of the administrator of defendant, representing that defendant had died before the entry of judgment, the court stayed the *fi. fa.* and directed an issue to try the facts as to the death of the defendant previous to the entry of judgment. The jury found that the defendant had died previous to entry of the judgment, and the judgment was stricken from the record: Lanning *v.* Pawson, 38 Pa. 480. A judgment confessed by the defendant in a pending suit after the death of the plaintiff and before substitution of his personal representatives must be set aside on their application made for that purpose: Finney *v.* Ferguson, 3 W. & S. 413.

". . . The above authorities, I think, clearly show that those judgments were erroneously entered after the death of the plaintiff, and the defendants are entitled to have them stricken from the record."

In Stevenson *v.* Virtue, 21 Pa. C. C. Reps. 229, 231, McIlvane, P. J., said:

"A judgment admittedly entered against a dead man because he did not appear is a nullity. As said by the court in Railroad Co. *v.* Hamilton, 127 Pa. 1, it is something on the record which has no business there, which confers no rights and imposes no obligations.

"It is true, as stated by counsel, that the general rule is that a motion to strike off a judgment must be on the ground of irregularity appearing on the face of the record, but this rule, like all others, has its exceptions. And the case at bar presents one of them. Here the plaintiff admits, in his answer to the rule served on him, that the defendant died nearly two months before the expiration of the time given him by the act of assembly to appear. Such an admission is equal to an answer that the judgment is void."

In Clarion M. & P. R. Co. *v.* Hamilton, 127 Pa. 1, the court said: "While an erroneous or voidable judgment cannot be affected by a writ of error, unless purchased within the statutory period, *a void judgment is no judgment at all.* It is something on the record which has no business there, which confers no rights and imposes no obligations. At the same time, it may be a source of annoyance to some one; it may becloud a title or injure credit, and the person who is injuriously affected by it has a right to have it stricken from the record."

In the instant-case, judgment was twice revived by the defendant after letters of administration had been granted upon the estate of Anna E. Felty, deceased. The only way by which the judgment could have been regularly revived was by the administrator, the legal representative of the plaintiff, as provided by act of assembly.

In Dietrich's Appeal, 107 Pa. 179, the court said: "It was said, however, that the matters complained of are, at most, mere irregularities which no one but the defendant can object to, and that, under the authority of Dougherty's Estate, 9 W. & S. 189, the revival is good as against a stranger to the judgment. This would be so if the irregularities were mere matters of form. But they are not; they are matters of substance. The judgments against the defendant upon the writs of *scire facias* are good against him, but the lien thereon dates only from the time of their entry; the continuity is broken, and the lien of the original judgment is lost. It needs no argument to show that, as against subsequent judgment creditors, a judgment must be revived in substantial conformity to the act of assembly. If not so revived, it is not revived at all; it drops out of the list of liens and the next judgment takes its place: Hauer's Appeal, 5 W. & S. 473; Dickerson and Haven's Appeal, 7 Barr, 255, and Thompson's Appeal, 57 Pa. 175, are not in conflict with this view. The doctrine that a judgment cannot be attacked collaterally is not disputed. This is a question of lien, and I know of no case which holds that, upon distribution, a subsequent judgment creditor may not show that a prior judgment has lost its lien by a failure to revive in substantial conformity to the act of assembly."

As sustaining his contention that the only ground upon which the petitioner can attack the judgment is that of fraud, the defendant cites Hauer's Appeal, 5 Watts & Sergeant, 473; Lowber and Wilmer's Appeal, 8 Watts & Sergeant, 387; Roemer *v.* Denig, 18 Pa. 482.

In Hauer's Appeal, the court said (page 474): "A creditor, as I have said, may abate a fraudulent judgment for a pretended debt; but he cannot abate an erroneous one for a *bona fide* debt to gain priority by it, for he was entitled to no priority at the date of the judgment, and its erroneousness was no wrong to him."

In Lowber and Wilmer's Appeal, *supra*, the court said (page 390) : "But where the objection extends no further than that the judgment upon which the execution has been issued has been erroneously entered or obtained, or the execution erroneously issued thereon, no other person than the defendant therein or his legal representatives will be permitted to make it."

In Roemer *v.* Denig, *supra*, the court said (page 484) : "A subsequent judgment creditor may impeach a prior judgment upon the ground that it was given without consideration to defraud creditors; but he has nothing to do with mere errors and irregularities in the proceedings."

In our opinion, these cases only hold that a subsequent judgment creditor cannot attack a prior judgment which has been irregularly or erroneously entered. But where a judgment has been entered which, upon its face or from the pleadings, is void, it can be attacked by a subsequent judgment creditor.

In the instant case, the plaintiff, Anna E. Felty, had been dead for seventeen months at the time of the entry of the original judgment. There was no such a person in existence at the time. Such a judgment is no judgment at all. It is nothing. The prothonotary had no right to enter such a paper on the record, and by entering it, no obligations were imposed upon any one and no rights or benefits were conferred upon any one. It was not a voidable judgment irregularly or erroneously entered, but a void one. The judgment was twice revived, not by the administrator, the legal representative of Anna E. Felty, deceased, but by the defendant in behalf of Anna E. Felty, plaintiff. This certainly could not be done.

We are of the opinion that the judgments and the revivals thereof are void and must be stricken from the record.

*Order.*—And now, March 5, 1928, after argument and consideration thereof, for the reasons above given, the judgment entered at the above number and term, and the revivals thereof entered at No. 240, June Term, 1918, and at No. 238, June Term, 1923, are stricken from the record.

From Luke H. Frasher, Uniontown, Pa.