J-A20031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MERIDIAN BANK, APEX REALTY, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELVERTA WASHIGTON SQUARE, LLC | : | |
| | : | |
| | : | No. 2242 EDA 2023 |
| APPEAL OF: AREZZO SKY CAPITAL, LTD | : | |
| | : | |

Appeal from the Order Entered August 15, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210702006

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 6, 2024**

Appellant, Arezzo Sky Capital, LTD ("Arezzo"), appeals from the July 17, 2023 order entered in the Philadelphia County Court of Common Pleas denying its petition to set aside a sheriff's sale.  Arezzo also appeals from the August 15, 2023 order denying its motion for reconsideration.  After careful review, we affirm the orders on appeal.

**Background**

Elverta Washington Square, LLC ("Elverta") owned a condominium unit at 210 West Washington Square in Philadelphia ("Condo"), on which Mid Penn Bank ("Mid Penn") initially held a first lien mortgage.

SPM Holdings Trust ("SPM") is a Nevada Spendthrift Trust, which owns Elverta as one of its assets.  To pay off Mid Penn's Mortgage on the Condo,

SPM, on September 13, 2019, borrowed $1,760,000 from Meridian Bank ("Meridian") and entered into various agreements with Meridian ("Loan Agreement"). SPM then paid this amount to Mid Penn and Mid Penn marked its mortgage on the Condo as satisfied and released.

Also, as part of the Loan Agreement, SPM executed a note in favor of Meridian ("SPM Note"). Before executing the SPM Note, the trustees of SPM adopted a resolution that authorized the loan and SPM Note, specifically noting that the SPM Note is "approved and that any Trustee is hereby authorized, empowered and directed, in the name and on behalf of the Trust, to execute and deliver the Loan Documents[.]" Resolution, 9/13/19, at 1 (unpaginated). Pursuant to this authority, Kenneth Bjorkelo ("Bjorkelo"), Investment Trustee, executed the SPM Note.

The Loan Agreement also included an agreement between Meridian and Elverta, as the owner of the Condo. Elverta agreed to grant Meridian a mortgage on the Condo and guarantee SPM's obligations pursuant to the SPM Note ("Surety Agreement"). The Surety Agreement included a confession of judgment provision and, important to our analysis of the issues raised in this appeal, a provision in which Elverta agreed to be independently obligated to repay the loan even if the SPM Note were to be found invalid or unenforceable. In particular, the Surety Agreement provides:

> The surety . . . is an absolute and unconditional, primary, direct, continuing, and immediate guarantee of payment and not of collectability and shall be valid and **binding upon the Surety [Elverta] regardless of any invalidity, irregularity, defect, or unenforceability of any provision of or in the Note or**

> **Loan Documents or any other obligation of agreement of the Borrower [SPM] or the Surety [Elverta] in favor of the Bank [Meridian]. . . .**

Surety Agreement, 9/13/19, at § 3(d) (emphasis added).

Elverta also adopted a resolution directing Bjorkelo, the managing member of Elverta, to execute and deliver surety documents and to take such action as Bjorkelo deemed necessary and appropriate.

Also, as part of the Loan Agreement, Bjorkelo, on behalf of Elverta, signed the Mortgage, filed the mortgage with the Recorder of Deeds and assigned to Meridian the leases of the Condo and the right to collect rents.

**Confession of Judgment Action**

In May 2021, SPM ceased making loan payments to Meridian, which triggered Elverta's obligation to make the loan payments. Elverta then failed to make payments to Meridian. Thus, on July 23, 2021, Meridian initiated the instant action by filing a complaint in confession of judgment against Elverta for payment of $1,832,316.97. Elverta did not file a timely petition to open and/or strike the confessed judgment.

On January 14, 2022, Meridian initiated a separate action against Elverta seeking to conform the judgment confessed in the instant action pursuant to Pa.R.Civ.P. 2986[1] ("Conformance Action"). Elverta failed to respond, Meridian filed the appropriate *praecipe*, and on March 8, 2022, the

---

[1] Rule 2986 provides that "[j]udgment shall be entered in the action for the amount, if any, due the plaintiff from the defendant or the amount, if any, due the defendant from the plaintiff. That judgment shall merge with the confessed judgment."

Prothonotary entered a default judgment in the Conformance Action against Elverta for $1,885.026.97.

On May 23, 2022, the trial court merged the Conformance Action with the instant action and, three days later, updated the instant action to reflect the merger of the judgments.

Meridian subsequently assigned the confessed judgment to Appellee, Apex Realty LLCs ("Apex"). Apex filed the appropriate *praecipe* with the Prothonotary and, on July 14, 2022, Apex, based on the confessed judgment, issued a writ of execution for the Condo. The sheriff scheduled a sale of the Condo for October 4, 2022.

**Arezzo's Challenge to Proceedings as a Third Party**

On September 30, 2022, Arezzo contacted Apex to request that the sheriff postpone the sheriff's sale. Arezzo alleged that it had a mortgage on the Condo that had priority over Apex's confessed judgment because the SPM Note was void *ab initio*.[2] The sheriff postponed and rescheduled the sale of the Condo for December 6, 2022.

On December 5, 2022, Arezzo filed a motion to stay the upcoming sheriff's sale, but the trial court rejected the filing on the morning of the sale. Arezzo did not refile the motion to stay the sheriff's sale and did not participate

---

[2] We note that the Recorder of Deeds recorded Meridian's mortgage on September 17, 2019. Arezzo obtained its mortgage on the Condo several months later, on January 27, 2020, and did not have the Recorder of Deeds record the mortgage until almost two years later, on January 24, 2022.

in the December 6, 2022 sale as a bidder to protect its alleged interest in the Condo.

On December 6, 2022, Apex purchased the Condo at sheriff's sale as the foreclosing party for a credit bid equal to the highest third party bid of $1,500,000. As a result, there were no proceeds for distribution to junior creditors, such as Arezzo.

On December 22, 2022, Arezzo filed a petition seeking to set aside the sheriff's sale pursuant to Pa.R.Civ.P. 3132. Arezzo argued that the entry of a confessed judgment was based on the SPM Note, which was invalid. In particular, Arezzo asserted that the SPM Note in favor of Meridian was void because SPM, as a Nevada trust, lacked the legal authority to borrow funds. Arezzo concluded that the Note was, therefore, void and Meridian lacked authority to confess judgment against Elverta. Arezzo argued in the alternative that the Surety Agreement was not valid because a trustee of SPM was required to sign the Surety Agreement, but did not do so.

On December 29, 2022, Arezzo filed with the sheriff exceptions to the sheriff's proposed schedule of distribution, arguing that, as a matter of law and equity, the court should give Arezzo's mortgage the highest priority. In support of this argument, Arezzo relied on the same reasons stated in its petition to set aside the sheriff's sale. On January 23, 2023, the sheriff filed the exceptions and its acknowledgement of deed with the trial court.

On March 17, 2023, Arezzo indexed a *lis pendens* against the Condo. On April 12, 2023, Apex filed a motion to strike the *lis pendens.*

On July 17, 2023, the trial court entered an order denying Arezzo's petition to set aside the sheriff's sale and exceptions to the sheriff's proposed schedule of distribution. The court rejected Arezzo's arguments because Meridian's right to confess judgment arose from the Surety Agreement and not the SPM Note and thus, any challenge to the SPM Note was irrelevant.

The trial court similarly rejected Arezzo's argument that the confessed judgment provision in the Surety Agreement was invalid because a trustee of SPM did not sign the Surety Agreement. The trial court found that since the parties to the Surety Agreement were Elverta and Meridian, and not SPM, a SPM trustee was not required to sign the Surety Agreement. The court also noted that it was Elverta, and not SPM, who was the fee owner of the Condo. Additionally, the trial court found that Elverta engaged in the necessary corporate formalities to authorize Elverta to enter into the Surety Agreement.

The trial court also denied Arezzo's exceptions to the sheriff's proposed schedule of distribution "for the same reasons" it denied the petition to set aside the sheriff's sale. Trial Ct. Op., 7/17/23, at 12.

On August 2, 2023, Arezzo filed a motion for reconsideration of the court's denial of Arezzo's petition to set aside the sheriff's sale and its exceptions to the sheriff's distributions claiming that it had discovered "new evidence" that Bjorkelo was not the managing member of Elverta and, thus, lacked authority to execute the Surety Agreement. On August 15, 2023, the trial court denied this motion on the grounds that evidence of Bjorkelo's

position at Elverta was not "new evidence" and granted Apex's motion to strike the *lis pendens* on the Condo. This appeal followed.

Arezzo raises the following five issues on appeal:

1. Whether the court failed to apply the law when holding valid a confessed judgment based on guarantee of payment of an invalid note?

2. Whether the court committed an error of law by holding that the validity of the confessed judgment could not be attacked?

3. Whether under the law, Meridian's Mortgage is discharged?

4. Whether the [Surety Agreement] and [Mortgage] without authorized signatures are invalid and could not authorize the confessed judgment?

5. Whether the trial court should have granted the Motion to Allow Evidence New to Arezzo [] on Persons with Authority to Sign the Surety Agreement [] and [] Mortgage?

Arezzo's Brief at 7.

**B.**

Arezzo's claims of error are based upon its argument that the trial court erred in denying its petition to set aside a sheriff's sale. We review the denial of a motion to set aside a sheriff's sale for an abuse of discretion. *See Irwin Union Nat'l. Bank and Trust Co. v. Famous*, 4 A.3d 1099, 1102 (Pa. Super. 2010). "[T]he relevant inquiry is whether proper cause has been shown to set aside the sheriff's sale." *Id.* (citation omitted); *see also* Pa.R.C.P. No. 3132. The burden of establishing proper cause lies with the petitioner. *See Irwin Union Nat'l. Bank and Trust Co.*, 4 A.3d at 1102. "Sheriff's sales have been set aside where the validity of the sale proceedings is challenged,

a deficiency pertaining to the notice of the sale exists, or where misconduct occurs in the bidding process." ***Id.***

"[A] petition to set aside a sheriff's sale may only be granted when the petition is filed before the sheriff's delivery of the deed." ***Mortgage Electronic Registration Systems, Inc. v. Ralich***, 982 A.2d 77, 79 (Pa. Super. 2009) (citation omitted). There is, however, an exception to the time bar. ***Id.*** at 80. Under this exception, a trial court may set aside a sheriff's sale after delivery of the sheriff's deed "based upon fraud or lack of authority to make the sale." ***Id.***

\*

In its first issue, Arezzo claims that the trial court erred in finding that the confessed judgment underlying the sheriff's sale was valid, averring that the SPM Note upon which the confessed judgment was based was invalid. Arezzo's Brief at 20-22. Arezzo reasserts the argument made to the trial court that the Note is void because "[i]t is Nevada law that a note by a trust, which is a nonexistent legal entity, is void from the start." ***Id.*** at 21.

In ruling on Arezzo's petition to set aside the sheriff's sale, the trial court concluded that Arezzo had not established proper cause to do so. The court explained that "the instrument used to confess judgment against Elverta was not the Meridian Promissory Note signed by SPM, but rather, the Surety Agreement signed by Elverta." Trial Ct. Op. at 10. Thus, the court concluded that the validity of the Note is irrelevant to the validity of the confessed judgment.

Arezzo bases it argument that the trial court erred by baldly claiming that Meridian's right to confess judgment under the Surety Agreement is only valid if the SPM Note is valid and the SPM Note is invalid because Nevada law does not authorize a trust to borrow funds. Arezzo's Brief at 22. To the extent that Arezzo has provided legal authority for this argument, Appellant relies on an unpublished case from a Nevada appellate court, **Thomas & Kathleen Garland Family Trust v. Melton**, 460 P.3d 31 (Nev. App. 2020) (Table).

Whether the trust had the legal authority to borrow funds and, thus, whether the SPM Note, is invalid is irrelevant to this appeal. The language of the Surety Agreement clearly and unambiguously provides Meridian with the right to confess judgment regardless of the validity of the SPM note:

> The surety . . . is an absolute and unconditional, primary, direct, continuing, and immediate guarantee of payment and not of collectability and shall be valid and **binding upon the Surety [Elverta] regardless of any invalidity, irregularity, defect, or unenforceability of any provision of or in the Note or Loan Documents or any other obligation of agreement of the Borrower [SPM] or the Surety [Elverta] in favor of the Bank [Meridian]. . . .**

Surety Agreement at § 3(d) (emphasis added). Thus, the trial court properly rejected Arezzo's argument that since Nevada law does not authorize SPM to borrow funds, the SPM Note is invalid and Meridian lacked the right to confess judgment against the Condo.

\*

In its second issue, Arezzo claims that the trial court erred in finding that Arezzo, as a third party, lacked standing to attack the confessed

judgment. Arezzo asserts that a third party has the right to challenge a confessed judgment for two reasons. First, Arezzo argues that it has the right to challenge the confessed judgment because the judgment is based on the SPM Note. Arezzo's Brief at 22-25. Arezzo also contends that Arezzo had the right to challenge the judgment pursuant to Pa.R.Civ.P. 3132 because the Rule permits the court to "set aside the [sheriff's] sale . . . or enter any other order which may be just and proper under the circumstances." *Id.* at 26-27 (quoting Pa.R.Civ.P. 3132).

As a threshold matter, we note that the trial court properly found that a third-party only has standing to attack a confessed judgment in limited circumstances—where the third party can establish fraud or collusion in the grant of the right to confess judgment. *Roemer v. Denig*, 18 Pa. 482, 484 (Pa. 1852). The trial court found that Arezzo failed to establish any fraud or collusion. Trial Ct. Op. at 9. We agree. Our review of the record demonstrates that Arezzo has provided no evidence of fraud or collusion. Additionally, we reject Arezzo's argument that the invalidity of the SPM Note meets this criteria for the reasons discussed above and, even if relevant, does not rise to the level of establishing fraud or collusion.

Arezzo relies on *M & P. Mgmt., L.P. v. Williams*, 937 A.2d 398 (Pa. 2007); *Romberger v. Romberger*, 139 A. 159 (Pa. 1927); *Forum Realty Co. v. Yoon*, 272 A.3d 454 (Pa. Super. 2022) (unpublished memorandum); and *Com. ex. rel. Penland v. Ashe*, 19 A.2d 464 (Pa. 1941) to support its position that it has standing to challenge Meridian's right to confess judgment.

- 10 -

None of these cases, however, involve the matter at issue here, *i.e.*, whether a third-party may at any time seek to open or strike a confessed judgment. Therefore, we find no legal authority to support Arezzo's conclusion that the trial court abused its discretion in finding that it lacked standing to collaterally attack the confessed judgment.

Last, we consider Arezzo's claim that the court erred when it found that that Rule 3121, which governs petitions to set aside sheriff's sales, did not provide Arezzo the right to challenge the confessed judgment. Arezzo has not cited to any legal authority suggesting that the "any other relief" provision of Rule 3121 would permit the court to grant broad relief to Arezzo to challenge the confessed judgment, especially when Arezzo's challenge to the confessed judgment ignores the clear and unambiguous language of the Surety Agreement.

Additionally, we see no equitable reason to grant Arezzo "any other relief." The Recorder of Deeds recorded Meridian's mortgage on September 17, 2019, and Arezzo obtained its mortgage on the Condo several months later, on January 27, 2020. Thus, when Arezzo obtained its mortgage on the Condo, it was constructively aware that Meridian already held a mortgage on the Condo. Thus, Arezzo's claim that the court erred in denying its petition to strike the sheriff's sale fails.

\*

In Arezzo's third issue, it contends that the SPM Note was "extinguished" because it was "void from the start, which discharges Meridian's Mortgage." Arezzo's Brief at 28.

It is well-settled that "failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal." *Jones v. Jones*, 878 A.2d 86, 90 (Pa. Super. 2005). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Bombar v. West American Ins. Co.*, 932 A.2d 78, 93 (Pa. Super. 2007).

Instantly, Arezzo has failed to develop this issue with citation to controlling case law, as required by our Rules of Appellate Procedure. *See* Pa.R.A.P. 2119(a) (requiring an appellant to include in his argument "discussion and citation of authorities"). Arezzo's failure to develop this issue with citation to and discussion of relevant authority has substantially hindered our ability to conduct meaningful appellate review of this issue. Accordingly, this issue is waived. *See Bombar*, 932 A.2d at 95; *Jones*, 878 A.2d at 90.

\*

In its fourth issue, Arezzo makes two interrelated claims. First, Arezzo avers that even if the SPM Note were valid and the mortgage not discharged as a result of the SPM Note being void, the Surety Agreement would still be invalid because it was not signed by an authorized signatory. Arezzo's Brief at 29-34. Arezzo claims the trial court erred when it found that Bjorkelo was authorized to sign the Surety Agreement as managing member of Elverta

- 12 -

because Bjorkelo was not properly appointed as managing member of Elverta. *Id.* at 30-32. Next, Arezzo asserts that the trial court abused its discretion in denying its motion for reconsideration and permit Arezzo to provide evidence to support this challenge.[3] *Id.* at 33-34. Arezzo avers that it only learned of Bjorkelo's lack of authority to sign the Surety Agreement when Elverta filed its petition to strike the default judgment and set aside the sheriff's sale and attached thereto a "Deed of Trust and Action by Written Consent," dated December 31, 2018. *Id.*

In addressing Arezzo's assertion that the Surety Agreement was invalid, the trial court explained that the claim that Bjorkelo did not have "managing partner[4]" authority from Elverta to sign the Surety Agreement was contrary to the numerous pleadings in this case since 2021 identifying Bjorkelo as Elverta's principal. Trial Ct. Op., 3/14/24, at 2. The court also found that Arezzo lacked standing to assert this claim as it "belongs to Elverta and not Arezzo because it is Elverta that signed the Surety Agreement [] that Arezzo attempts to contest." *Id.* at 3. With respect to its reason for denying Arezzo's request to open the record to take new evidence, the court found that because

---

[3] We review the trial court's order denying a motion to reopen the case for an abuse of discretion. ***Beaumont v. ETL Servs., Inc.***, 761 A.2d 466, 468 (Pa. Super. 2000).

[4] We note that since Elverta is a limited liability company and not a partnership, Bjorkelo's role is that of the managing member and not managing partner. The trial court's designation of him as a managing partner, however, does not affect the trial court's well-reasoned analysis of the legal issues in this appeal.

the pleadings throughout the history of the case had identified Bjorkelo as Elverta's principal, the purported "new evidence" was not, in fact, new. *See id.* at 2. We agree.

As a threshold matter, we note that we have already addressed, and rejected, Arezzo's assertion that it has grounds to challenge the confessed judgment.

Even assuming Arezzo had such grounds, Arezzo has failed to provide any meaningful arguments. Our review of the record confirms the trial court's finding that throughout the case the parties had identified Bjorkelo as Elverta's principal and that, therefore, Bjorkelo had authority to sign the Surety Agreement on Elverta's behalf. We, thus, discern no abuse of discretion in the trial court's conclusion that Arezzo's claim is not based on "new" evidence. We further note that Arezzo has failed to address, let alone provide legal support, for its contention that the trial court erred or abused its discretion in concluding that the purported "new evidence" was not actually new. Accordingly, this claim likewise fails.

**C.**

In sum, having found each of Arezzo's issues either meritless or waived, we affirm the July 17, 2023 order denying Arezzo's petition to set aside the sheriff's sale and the August 15, 2023 order denying Arezzo's Motion for Reconsideration based on new evidence.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/06/2024