# Pennsylvania Central Insurance Co. *versus* Gaus.

The Act of April 1st 1874, declares that no judgment shall be reversed unless a writ of error be taken within two years from the entry of the judgment. A judgment was entered January 10th 1876. The writ of error was not taken until June 10th 1878. *Held*, that the writ was not within the statutory period and should be quashed.

June 10th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Clinton county :* Of May Term 1879, No. 5.

Assumpsit by John Gaus against the Pennsylvania Central Insurance Company.

The summons in this case issued the 21st of December 1875, and judgment was entered for plaintiff January 10th 1876. On

. [Pennsylvania Central Ins. Co. *v.* Gaus.]

July 10th 1877, defendants obtained a rule to show cause why said judgment should not be opened. The writ of error was not taken until June 10th 1878.

*Guy E. Farquhar* and *H. T. Harvey*, for plaintiff in error.—The case was not finally disposed of until January 7th 1878. See Camp *v.* Welles, 1 Jones 206; Dawson's Appeal, 3 Harris 480; Purd. Dig. 608.

*Edward P. McCormick*, for defendant in error.—The writ of error was clearly not within the statutory limit fixed by the Act of April 1st 1874, Pamph. L. 50, and the writ should be quashed.

Mr. Justice PAXSON delivered the opinion of the court, June 23d 1879.

The plaintiffs are too late with their writ of error. The Act of April 1st, 1874, Pamph. L. 50, provides, "That from and after the date of the passage of this act, no fine or common recovery, nor any judgment in any real, personal or mixed action, nor any appeal from the Register's Court, shall be avoided or reversed for any defect or error therein, unless the writ of error be commenced, or the appeal be brought and prosecuted with effect, or the certiorari taken, as the case may be, within two years after such fines levied, common recovery suffered, judgment signed or entered of record, or decree be pronounced, &c." The act contains a saving clause in favor of minors, married women, persons *non compos mentis*, or beyond seas; but the plaintiff does not come within any of the exceptions. The judgment was entered January 10th 1876; the writ of error was not taken until June 10th 1878. It is alleged, however, that there was no legal service upon the plaintiffs in error, who were the defendants below. This, if true, will not help them, as it appears they knew of the judgment against them as early as July 10th 1877. Upon that day they obtained a rule in the court below to show cause why the judgment should not be opened. There was ample time, therefore, after they acquired knowledge of the proceedings, to have sued out a writ of error within the statutory period.

Writ quashed.