IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1889.

CLARION, M. & P. R. CO. v. GEORGE C. HAMILTON.

ERROR TO THE COURT OF COMMON PLEAS OF WARREN COUNTY.

*Argued May 8, 1889—Decided May 27, 1889.*

1. While an erroneous or voidable judgment cannot be affected by a writ of error not taken within the statutory period, a void judgment is no judgment at all, and the person affected by it has a right to have it stricken from the record, and to a writ of error to the refusal of such an order.
2. But if a judgment be erroneously entered for want of an affidavit of defence by a court having jurisdiction of the person and subject matter, it is voidable and not void; and an order refusing to strike it from the record, on a motion made four years after its entry, will not be reversed.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MITCHELL, JJ.

No. 12 July Term 1889, Sup. Ct.; court below, No. 45 December Term 1884, C. P.

On September 24, 1884, George C. Hamilton brought assumpsit against the Clarion, Mahoning & Pittsburgh Railroad Company, and on October 2d filed a narr with a copy of an account against the defendant company, amounting to $4,025.90.

Statement of Facts.

A Rule of Court provided that, "if the plaintiff shall have filed a copy of the account or instrument of writing on which the suit is founded, with his declaration, on or before the return day of the writ, he shall be entitled to a judgment by default for the amount so claimed, at any time after twenty days from and after the return day of the writ," in default of an affidavit of defence filed by the defendant. Under this rule, on November 6, 1884, a judgment was taken against the defendant for want of an affidavit of defence, and the sum due liquidated at $4,025.90.

A writ of fieri facias was issued on the foregoing judgment the day it was entered, and returned, no goods. In March, 1887, a creditor's bill was filed by George C. Hamilton and others against the defendant company and certain individuals, named as stockholders thereof, to enforce payment of stock assessments in discharge of the company's indebtedness to the several complainants. This bill was duly served, and embraced, in the indebtedness of the company set out, the judgment of the plaintiff in this case.

On November 12, 1888, the defendant company filed a petition and motion praying that the plaintiff's judgment entered November 6, 1884, should be stricken off, for the reason that the account filed was not of such character that an affidavit of defence was required to prevent judgment.

On December 13, 1888, the court, BROWN, P. J., discharged the rule granted upon the foregoing motion, saying inter alia:

While we are inclined to think that the defendant's counsel are correct in the position that the copy of claim filed is not such as entitled the plaintiffs to a judgment for want of an affidavit of defence, we do not think that the judgment is a void one. It is voidable only, and we think the length of time that has elapsed since the defendant had knowledge of the judgment, and the neglect for so long a time to move to set it aside, coupled with the fact that the defendant, since the rule to strike off the judgment was obtained, has suffered judgment, pro confesso, to be taken against it in the equity suit pending, and with the other facts recited, the defendant must be regarded as having waived the irregularity, if any, in the taking judgment for want of an affidavit of defence. The rule to strike off the judgment is therefore discharged.

On April 12, 1889, the defendant company, took this writ, assigning the refusal of the court to strike off the judgment as error.

*Mr. W. E. Rice* (with him *Mr. Charles W. Stone* and *Mr. R. Brown*), for the plaintiff in error.

*Mr. Samuel T. Neill* (with him *Mr. George N. Frazine* and *Mr. James W. Wiggins*), for the defendant in error.

PER CURIAM:

If this writ of error had been taken to the judgment below, it would have been too late : Penn. Cent. Ins. Co. v. Gaus, 91 Pa. 103. The writ was taken, however, to the refusal of the court below to strike off the judgment. The ground of this motion was that the judgment was void. The writ of error was taken out in less than two years from the refusal of the court below to strike it off.

While an erroneous or voidable judgment cannot be affected by a writ of error, unless purchased within the statutory period, a void judgment is no judgment at all. It is something on the record which has no business there, which confers no rights and imposes no obligations. At the same time, it may be a source of annoyance to some one ; it may becloud a title or injure credit, and the person who is injuriously affected by it has a right to have it stricken from the record.

The judgment in this case is not a void judgment. The court below had jurisdiction of the person and the subject matter. It was entered for want of an affidavit of defence, and we must assume that the court below regarded the case as coming within the Rule of Court. The defendant thought it did not, and filed no affidavit. This is neither a good nor a safe practice. If a defendant thinks the statement or copy filed does not come within the rule requiring him to file an affidavit, it is the better practice to suggest such fact upon the record. He can then have a decision of the court upon the point. When he decides this question of law for himself, he takes the risk of it being incorrect. In the case in hand, it is at least a question whether the judgment was not properly taken. We are not required to go so far however. It is sufficient to say that it was

not void. Under such circumstances we might well quash this writ. We prefer, however, to affirm the order of the court below refusing to strike off the judgment.

Order affirmed.