467 A.2d 878

**Walter JONES**

v.

**Joyce SEYMOUR, Appellant.**

Superior Court of Pennsylvania.

Submitted March 10, 1982.

Filed Nov. 4, 1983.

---

Irv Ackelsberg, Philadelphia, for appellant.

William Lee Akers, Philadelphia, for appellee.

Before WICKERSHAM, CIRILLO and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal from an order denying appellant's "Petition to Vacate Void Judgment." We reverse, strike the judgment, and remand for further proceedings.

The litigation underlying the judgment involved a dispute over division of property in the wake of the annulment of the marriage between appellant Joyce Seymour and appellee Walter Jones. Jones brought this trespass action, alleging that Seymour had absconded with property to which he

was entitled. The matter went to compulsory arbitration, resulting in a $2,008 award for Jones. Seymour filed an appeal for trial de novo in common pleas court, filing at the same time a certificate of readiness for trial. On July 12, 1979 Seymour withdrew the certificate of readiness. The docket entries from this point to the entry of judgment read as follows.

JUL 12 1979  By order of atty for deft. Seymour the Certificate of Readiness filed along with deft appeal from arbitration is hereby withdrawn—filed.

Jul 30, 79  Deposition notice filed.

Sep 28, 79  Rule on Walter Seymour Jones & Brenda Jones to Show Cause why they should not be compelled to appear and depositions scheduled by def Joyce Seymour Ret Oct 25 1979 10:30 A.M.  RM 9079 P.C.

Eo die  Petition filed

Oct 22, 79  Stipulation of counsel and approval of Court that Walter and Brenda Jones will appear and testify at depositions to be held Oct 30, 1979, at 2:30 P.M., or in the event of a continuance, at such time to which counsel agree, filed.

Eo die  By the Court—Greenberg, J.—10–10–79

Eo die  NOTICE GIVEN UNDER RULE 236

NOV 16 1979  Judgment on the award in favor of Plft [sic] and against the deft in the amt of 2,008.00

Eo die  NOTICE GIVEN UNDER RULE 236

There was no further activity in the case until May 19, 1981, when Seymour's "Petition to Vacate Void Judgment" was filed. The Court below denied the petition, holding that judgment could not be stricken because Seymour had failed to show a fatal defect apparent on the face of the record, as required for a petition or motion to strike. *See, e.g., Fox v. Gabler,* 282 Pa.Super.Ct. 490, 495–96, 423 A.2d 351, 354 (1980).

■ Seymour contends the judgment should have been stricken, because the prothonotary's lack of authority to enter judgment on the arbitration award is apparent on the

face of the record.  We agree.  The prothonotary's authority to enter judgment could only derive from construing the July 12, 1979 docket entry as representing a withdrawal of the entire appeal, and not just withdrawal of the certificate of readiness.  It is clear that only the certificate of readiness was withdrawn, because the docket entries after July 12 indicate a continuation of discovery procedure, including a stipulation on October 22, 1979, involving counsel for both sides and court approval as well.  Since only the certificate of readiness was withdrawn, the appeal from the arbitration award was still properly pending in common pleas court, and the prothonotary had no authority to enter judgment on the award.

■ Seymour also argues that denial of her petition cannot be justified on the basis of her 18-month delay in filing the petition.  We must agree, because our Supreme Court has unanimously held that unauthorized entry of judgment by the prothonotary renders the judgment void, and that such a judgment must be stricken without regard to the passage of time, if its defectiveness is apparent on the face of the record.  *Romberger v. Romberger,* 290 Pa. 454, 139 A. 159 (1927).[1]  We must therefore reverse the lower court's refusal to strike the judgment.

Order reversed, judgment stricken and case remanded. Jurisdiction relinquished.

1. The problems engendered by the rule that laches cannot run against a "void" judgment has been the subject of much thoughtful commentary by Judge (now President Judge) Spaeth.  *See Tice v. Nationwide Insurance Company,* 284 Pa.Super.Ct. 220, 228–38, 425 A.2d 782, 787–92 (1981) (concurring opinion); *Strickler v. United Elevator Company,* 257 Pa.Super.Ct. 542, 551–55, 391 A.2d 614, 619–20 (1978) (concurring Opinion); *see also Provident Credit Corporation v. Young,* 300 Pa.Super.Ct. 117, 127, 446 A.2d 257, 262 (1982) (majority en banc opinion finding it unnecessary to reach issue of whether laches can run against void judgment).  We note that while there are recent cases in which this court applies the rule, *e.g., Graham v. Kutler,* 275 Pa.Super.Ct. 188, 191, 418 A.2d 676, 677 (1980), the Supreme Court cases which fashioned the rule are fairly old.  The time may be ripe for the Supreme Court to review whether the rule is still appropriate.