## Petrocelli Construction v. Epstein

*Emil F. Toften,* for plaintiff.

*Thomas Hecker,* for defendants.

SOKOLOVE, *J.,* November 3, 1989 — Several petitions are before us for decision pursuant to Bucks County Rule of Civil Procedure 266. We will incorporate an explanation of the petitions into the following statement of the factual and procedural history of the case.

The relevant facts are not in dispute. As dictated by a construction contract between the parties, plaintiff Petrocelli Construction submitted a demand for arbitration to the American Arbitration Association against defendants Ellen Epstein, Gene Epstein and Marlene Epstein, individually as tenants by the entirety and/or t/a Gene Epstein Enterprises. The parties agree that the contract called for common-law arbitration. On April 28, 1989, the arbitrators issued an award for plaintiff in the amount of $98,610.03 plus interest of one percent per month from January 1, 1988 until payment. Plaintiff filed a praecipe on May 17, 1989 directing the prothonotary to enter judgment on that date. The procedural morass in which we find ourselves began there.

On June 7, 1989, defendants filed a petition to strike off or open the judgment entered by the prothonotary on May 17. Defendant's sole supporting allegation for this petition was that the prothonotary had no jurisdiction to enter the judgment because the 30-day statutory appeal period from the arbitrators' award had not lapsed before the entry of the judgment. Although the petition asserted a violation of 42 Pa.C.S. §1722 by the premature judgment, it did not specifically cite 42 Pa.C.S. §7342 governing the procedure for confirmation

and judgment on a common-law arbitration award. Plaintiff timely answered the rule on the petition. On July 31, 1989, plaintiff filed a praecipe for writ of execution on the judgment. Defendants filed a motion to stay or set aside the execution, based on the alleged ineffectiveness of the judgment, on August 4, 1989. On August 7, 1989, plaintiff by praecipe asked the prothonotary, not the court, to dismiss defendants' petition to strike or open the judgment for failure to comply with Bucks County Rule of Civil Procedure 266. Plaintiff then answered the motion to stay or set aside the execution on August 18, 1989. Also on that date plaintiff filed a petition to confirm the arbitrators' award either absolutely or nunc pro tunc as of May 30, 1989, the 31st day following the arbitrators' award. Defendants responded with an answer and new matter to the petition to confirm, to which plaintiff later replied. The sheriff levied on the writ of execution, and a sheriff's sale was scheduled. That sale has been continued by agreement pending our decision on the various petitions and motions. On September 20, 1989, defendants filed a supplemental petition to open or strike the judgment, citing 42 Pa.C.S. §7342. Defendants filed an amended petition to stay or set aside the execution on September 21, 1989. Plaintiff has answered both of these petitions. After a conference with counsel, all matters are before us pursuant to Bucks County Rule of Civil Procedure 266.

Despite the rather complicated procedural posture, the issues to be decided are straightforward. They are: (1) Was the entry of the original judgment proper on the face of the record so as to withstand defendants' petitions to strike and be confirmed as of the date of its original entry? (2) If the judgment cannot be confirmed as of the date of

its original entry, do we have the authority to enter judgment on the arbitrators' award nunc pro tunc before plaintiff petitioned for confirmation of the award?

We will strike the judgment entered by the prothonotary on May 17, 1989 as requested by defendants' petition and supplemental petition to open or strike. Preliminarily, plaintiff seems to argue that we may not consider the merits of these petitions since the first petition was dismissed for failure to comply with local rule 266 and the second, amended motion was invalidly filed, contrary to Pa.R.C.P. 1033, without counsel's stipulation or court order. We are not persuaded. The first petition was not dismissed. Bucks County Rule of Civil Procedure 266(e) states that if the moving party does not comply with rule 266(b), then the other party may by praecipe request the court to dismiss the application of the moving party. Plaintiff requested the prothontary, not the court, to dismiss the petition, and it was, therefore, never dismissed and remains viable. Secondly, we are not disturbed by any technical violation of Pa.R.C.P. 1033 in the filing of the amended petition. A petition to strike may only be granted for defects appearing on the face of the record which render the judgment void. *Jones v. Seymour,* 321 Pa. Super. 32, 467 A.2d 878 (1983). A void judgment may be stricken at any time, regardless of how the defect is brought to the court's attention. See *Romberger v. Romberger,* 290 Pa. 454, 139 Atl. 159 (1927); *Loprete v. Langcliffe Collieries Inc.,* 67 D.&C. 438 (1949); *Stickel v. Barron,* 7 Fayette Leg. J. 35 (1944). In fact, it is the duty of the court on its own motion to strike off a void judgment. *Romberger v. Romberger, supra.* For the same reason, it is of no moment that the particularly accurate and applicable statute, 42

Pa.C.S. §7342, was not mentioned until the amended petition to strike.

We have no doubt that the judgment entered by the prothonotary on May 17, 1989 was void. The unauthorized entry of judgment by the prothonotary renders the judgment void. *Ruehl v. Maxwell Steel Co. Inc.*, 327 Pa. Super. 39, 474 A.2d 1162 (1984). 42 Pa.C.S. §7342(b) provides in pertinent part:

"(b) *Confirmation and judgment* — On application of a party made more than 30 days after an award is made by an arbitrator under section 7341 (relating to common-law arbitration) the court shall enter an order confirming the award and shall enter a judgment or decree in conformity with the order."

The statute is very clear. A judgment on a common-law arbitration award may only be entered by the court upon application of a party more than 30 days after the award. Thus, the judgment here was doubly flawed. It was entered by the prothonotary, not the court, and plaintiff's application was too early. See *Gedrich v. Yaroscz*, 102 Pa. Super. 127, 157 Atl. 575 (1931), where the court found judgment by a prothonotary void under a similar statutory scheme involving mechanic's liens. Further, where the legislature has intended a prothonotary to have the authority to enter judgment on a party's praecipe, it has been definite. See Pa.R.C.P. 227.4, which is plainly not satisfied in this case. Entry of judgment on an arbitration award is not a simple, ministerial act, as plaintiff seems to suggest. It is controlled by the mandatory requirements of 42 Pa.C.S. §7342, and plaintiff's actions did not meet those requirements.

Since we strike the judgment, we must also set aside the execution of it. A writ of execution may not be issued on a judgment which has been

reversed or vacated. *Everson v. Everson,* 494 Pa. 348, 431 A.2d 889 (1981).

In hopes of maintaining its priority as a creditor, plaintiff alternatively seeks confirmation of the award nunc pro tunc as of May 30, 1989, when the requisite 30 days would have expired from the rendering of the award. Plaintiff asserts that an appeal will lie from common-law arbitration only for fraud, misconduct, corruption or other irregularity resulting in the rendition of an unjust, inequitable or unconscionable award. 42 Pa.C.S. § 7341. Defendants agree that none of these grounds for appeal exist. Moreover, defendants did not appeal the award. We agree that under these circumstances and upon compliance with the section 7342 procedure, we have no discretion and must confirm the award. See *Beriker v. Permagrain Products Inc.,* 347 Pa. Super. 102, 500 A.2d 178 (1985). The problem is that plaintiff did not invoke the section 7342 procedure until it filed its petition to confirm on August 18, 1989. Section 7342(b) requires the court to act upon application of a party. We cannot, as plaintiff proposes, construe its praecipe to the prothonotary as an appropriate application under section 7342(b). Aside from the fact that the praecipe was too early in any event, it could not prompt any court action because it was directed merely to the prothonotary.

A nunc pro tunc entry is an entry made now, as of then, to have the effect as if the event had occurred on the former date. Its office is to supply an omission in the record caused through possible inadvertence or mistake. *In re Jurkowitz Estate,* 359 Pa. 570, 59 A.2d 895 (1948). The case before us, however, differs from *Jurkowitz Estate* where the party's action was proper even without court intervention. The nunc pro tunc entry there had no

prejudicial effect. In this case, a nunc pro tunc entry of judgment would prejudice defendants. Plaintiff has given us no compelling authority for such an entry, and we have not found any. It would not be just or proper for us to enter judgment to the detriment of defendants as of a time when the plaintiff had not initiated the necessary statutory machinery. We cannot correct the plaintiff's error in this way.

Plaintiff also suggests that we may enter the nunc pro tunc judgment as a function of our power to mold verdicts or awards. We cannot. Pa.R.C.P. 1307(d) allows the court to mold a compulsory arbitration award as follows:

"(d) Where the record and award disclose an obvious and unambiguous error in the award in mathematics or language, the court, on application of a party within the 30-day period allowed for appeal, may mold the award to the same extent and with the same effect as the court may mold the verdict of a jury. . . . "

The court may correct or mold jury verdicts in a clerical fashion or only in very exceptional cases where the facts and the appropriate verdict are not disputed and where justice requires it. *Maize v. Atlantic Refining Co.*, 352 Pa. 51, 4 A.2d 850 (1945). The facts of this case do not match these standards.

Defendants agree to the confirmation of the award and the entry of judgment as of August 18, 1989, the date plaintiff filed its petition. Accordingly, we enter the following

## ORDER

And now, November 3, 1989, upon consideration of the various motions and petitions of the parties

and upon review of the memoranda of law, it is hereby ordered and decreed that the judgment entered by the prothonotary on May 17, 1989 is stricken. The writ of execution on said judgment is set aside, and the sheriff's sale scheduled on the writ for November 6, 1989 is cancelled. The arbitrators' award of April 28, 1989 is confirmed as of August 18, 1989. Judgment is entered as of August 18, 1989 in favor of plaintiff and against defendants in the amount of $98,610.03 plus interest of one percent per month from January 1, 1988 until actual payment by defendants plus plaintiff's court costs in filing the petition to confirm.