937 A.2d 398

**M & P MANAGEMENT, L.P., Appellee,**

**v.**

**Michael D. WILLIAMS, Appellant.**

Supreme Court of Pennsylvania.

Argued March 7, 2007.

Decided Nov. 20, 2007.

Bruce William Bellingham, Esq., David M. Giles, Esq., Spector Gadon & Rosen, P.C., Philadelphia, for Michael Williams.

Peter Edward Meltzer, Esq., Law Offices of Peter E. Meltzer, P.C., for M & P Management, L.P.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER and BALDWIN, JJ.

## OPINION

Justice BALDWIN.

The Superior Court determined that Pa.R.C.P. 2959(a)(3), as amended in 1996 (providing that a petition to strike off or open a confessed judgment must be made within thirty days of receipt of written notice) was intended to eliminate the potential for striking off or reopening judgments after the thirty-day time period announced in the rule, regardless of whether the judgment was void, voidable or valid. A void judgment arises when the court lacks subject matter

jurisdiction, and a judgment from a court that lacks jurisdiction cannot be made valid through the passage of time. Accordingly, we reverse. Because the lower court did not make a determination as to the status of the confessed judgment in this case, we remand for a determination of whether the judgment at issue is actually void and the issuance of an appropriate order based upon that determination.

This question, regarding the intention and interpretation of Pa.R.C.P. 2959(a)(3), arises from two separate promissory notes memorializing amounts owed to M & P Management, L.P. ("M & P") by Michael D. Williams ("Williams") and subsequent amendments to those promissory notes. Both original notes contained cognovit (or confession of judgment) clauses;[1] however, both notes were subsequently amended

---

1.  Confession of Judgment clause from June 10, 1993 note:

    Undersigned hereby irrevocably authorizes and empowers bank, by any authorized officer, employee or agent, or by its attorney, or by the prothonotary or clerk of any court of record in the Commonwealth of Pennsylvania or elsewhere where permitted by law, upon the occurrence of a default, to appear for and confess judgment against undersigned in favor of bank in any jurisdiction in which undersigned or any of its property is located for the amount of any or all of the liabilities, together with the costs of suit and with actual collection costs, including reasonable attorneys' fees, with or without declaration, with release of all errors, without stay of execution and the right to issue execution forthwith, and for doing so this note or a copy verified by affidavit shall be a sufficient warrant, undersigned hereby waives and releases all relief from any and all appraisement, stay or exemption of law in any state now in force or hereinafter enacted. Undersigned acknowledges that by agreeing that bank may confess judgment hereunder, it waives the right to notice in a prior judicial proceeding to determine its rights and liabilities, and undersigned further acknowledges that bank may obtain a judgment against undersigned without undersigned's prior knowledge or consent and without the opportunity to raise any defense, set off, counterclaim or other claim undersigned may have and undersigned expressly waives such rights as an explicit and material part of the consideration. The foregoing power to confess judgment may be exercised against undersigned at one time or at different times as the bank elects until the liabilities are fully discharged.

    R.   45.

    Confession of Judgment from July 29, 1997 note:

    Borrower irrevocably authorizes and empowers any attorney or any clerk of any court of record to appear for and confess judgment against Borrower for such sums as are due and owing on this Note,

and the amendments did not contain express cognovit clauses, although they did each contain incorporation language.[2] On July 5, 2001, Appellee M & P, notified Williams that he was in default under both promissory notes. On September 28, 2001, M & P filed a Complaint in Confession of Judgment for both notes and judgment was entered for $196,102.12 against Williams. It is not disputed that Williams was properly served with a writ of execution and a notice of sheriff's sale for the subject properties on February 25, 2003. This notice alerted Williams to the requirements of Pa.R.C.P. 2959, specifically that a challenge to a Confession of Judgment must be filed within thirty days of service of a notice of execution. Pa.R.C.P. § 2959(a)(3).

Williams filed a petition to strike the confessed judgment two years later, on February 24, 2005, claiming that the confessed judgment was void because the amended notes did

with or without declaration filed, costs of suit, without stay of execution and with an amount not to exceed the greater of fifteen percent (15%) of the principal amount of such judgment or $5,000 added for collection fees. If a copy of this Note, verified by affidavit by or on behalf of bank, shall have been filed in such action, it shall not be necessary to file the original of this Note, the authority granted hereby shall not be exhausted by the initial exercise thereof and may be exercised by Bank from time to time. There shall be excluded from the lien of any judgment obtained solely pursuant to this paragraph all improved real estate in any area identified as having special flood hazards under regulations promulgated under the Flood Disaster Protection Act of 1973, if the community in which such area is located is participating in the National Flood Insurance Program. Any such exclusion shall not affect any lien upon property not so excluded.

R. 84.

2. Incorporation clause from June 10, 1993 amendment: "In all other respects, the Note is hereby ratified and confirmed." R. 56.

The last three clauses from the June 5, 1992 amendment to the April 5, 1991 promissory note state:

5. This instrument shall be deemed to be a part of the Note.

6. All references to the Note in documents delivered to the Payee in connection with the Credit Accommodations (as defined in the Amendment to Loan Agreement between the Maker and the Payee dated the date hereof) shall be deemed references to the Note as amended herein.

7. In all other respects, the Note is hereby ratified and confirmed.

R. 97.

not contain confession of judgment clauses. According to Williams, *Egyptian Sands Real Estate, Inc. v. Polony*, 222 Pa.Super. 315, 294 A.2d 799 (1972) and *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250 (3d Cir.1994) stand for the proposition that in order to still be valid, a cognovits clause must be expressly contained in any amendment to a document containing the original cognovit clause.

M & P countered by stating that the thirty-day limitation period for striking a confessed judgment, contained in Pa. R.C.P. 2959, makes Williams' petition to strike the judgment untimely and thus the court should dismiss it without reaching the merits.

The trial court agreed with M & P, and dismissed the petition as untimely without inquiring into whether the judgment was void, finding Pa.R.C.P. 2959 conclusive for void, voidable, and valid judgments. The Superior Court affirmed, acknowledging that at common law void confessed judgments could be stricken at any time, but determining that the amendment to Rule 2959(a)(3) intended to create a thirty-day time limit for petitions to open or strike all confessed judgments, whether void, voidable, or valid.[3]

As the Superior Court recognized that, at least prior to the amendment to Rule 2959(a)(3), valid or voidable judgments of any kind could be struck or reopened within a reasonable time. *King Athletic Goods Co. v. Redevelopment Auth. of Philadelphia*, 481 Pa. 504, 509, 393 A.2d 18, 20 (1978) ("The general rule is that if a judgment is sought to be stricken off

---

3. Justice Saylor's concurring and dissenting opinion would have us affirm the decision of the trial court on the basis that the judgment cannot be void based on the record before us. Concurring and Dissenting Opinion, slip op. at 4. We decline to so rule because of the procedural status of the case and the record that stems from it. There were Confessions of Judgment filed. Pursuant to Pennsylvania's Rules of Civil Procedure, the prothonotary entered judgment on the confession. Pa.R.C.P. 2951. There was a short hearing on the Petition to Strike the Judgment, at which hearing no witnesses testified and no documents were examined or entered into evidence. R.220–52. At the close of the hearing, the trial judge ruled that the Petition to Strike was denied. R.251. Evaluating contractual documents, particularly those that have never been accepted into evidence, is the province of a trial court. *Folsom v. Cook*, 115 Pa. 539, 9 A. 93 (1887).

for an irregularity, not jurisdictional in nature, which merely renders the judgment voidable, the application to strike off must be made within a reasonable time, or the irregularity will be held waived.") (citing 7 Standard Pennsylvania Practice Ch. 30, § 196 (1961)). The reasonable time requirement for bringing an action to strike off or open a confessed judgment was based upon the doctrine of laches. *See Funds for Bus. Growth, Inc. v. Maraldo*, 443 Pa. 281, 287, 278 A.2d 922, 925 (1971) ("the doctrine of laches may be applied to the opening of a judgment when the delay is unreasonably long and unexplained"). However, historically void confessed judgments could be stricken off or opened at any time as they were considered a legal nullity because the court lacked subject matter jurisdiction over the matter. *Romberger v. Romberger*, 290 Pa. 454, 457, 139 A. 159, 160 (1927) (a void judgment is a "mere blur on the record, and which it is the duty of the court of its own motion to strike off, whenever its attention is called to it"); *Clarion, M. & P. R. Co. v. Hamilton*, 127 Pa. 1, 3, 17 A. 752 (1889) ("a void judgment is no judgment at all"). The policy reasons behind this disparate treatment are clear: it is in the public interest for judgments to be final. However, sound public policy cannot create jurisdiction. Accordingly, where the court lacked jurisdiction, as it does when it enters a void confessed judgment, that court cannot enter a valid judgment, no matter how much time has passed.

The instant dispute comes to us because of questions arising from a 1996 amendment to the Pennsylvania Rules of Civil Procedure dealing with confessed judgments, including Pa.R.C.P. 2959. The amended rule created an express time period for opening or striking off confessed judgments with the timing requirement triggered upon receipt of notice. In pertinent part, Rule 2959 was amended to read:

Striking Off or Opening Judgment; Pleadings; Procedure

(a)(1) Relief shall be made by petition.

. . .

(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate compelling reasons for the delay, a petition not timely filed shall be denied.

This rule is triggered by notice of the judgment; there is no express mention of whether this rule was intended to change the common law rule and cover void, as well as voidable and valid, confessed judgments.

The comments to the rule are likewise silent as to any intent to overturn the common law rule:

Under new Rule 2959(a)(3), a defendant must file a petition within thirty days of service of the notice to obtain relief from the judgment or to prevent execution. After thirty days the defendant is barred from relief unless there are "compelling reasons for the delay."

Pa.R.C.P. 2959 cmt. (1996). This silence could be interpreted to mean that the new time limitation is applicable to all confessed judgments, whether void, voidable, or valid. However, there are good reasons to believe that it cannot apply to void judgments.

As previously discussed, a void judgment is one that the court does not have the power to enter. It cannot become valid through the lapse of time. *Comm. ex rel. Penland v. Ashe,* 341 Pa. 337, 341, 19 A.2d 464, 466 (1941) ("It is certainly true that a void judgment may be regarded as no judgment at all; and every judgment is void, which clearly appears on its own face to have been pronounced by a court having no jurisdiction or authority in the subject matter."). While the instant case raises this question in a context where there is serious question as to the status of the confessed judgment, i.e., whether it is void, voidable or valid, a different example makes this clear. If a confessed judgment is mistakenly entered against a person who never had any relationship with the judgment holder, it would be absurd to believe that that judgment, with no basis in law or fact, becomes valid merely because notice was given and thirty days elapsed. Although

M & P is correct in asserting that providing finality to judgments is a worthy goal, one that we agree is achieved for valid and voidable judgments through the 1996 amendments to Pa.R.C.P. 2959, we cannot provide finality to a judgment when a court lacked subject matter jurisdiction over the underlying dispute. Void judgments are to be treated in the same way that they were treated at common law, i.e., at any time that a void judgment is brought to the attention of the court, it must be stricken. *Romberger; Clarion, M. & P. R. Co.;* and *Penland.*

M & P repeatedly argues that the confessed judgments in this case are not void. What M & P fails to appreciate is that that question is not before this Court. The trial court assumed, without deciding, that the confessed judgments were void and still determined that Williams was not due any relief, because he had failed to raise the issue within thirty days of receiving notice as required by rule 2959. Because we disagree with this conclusion, and determine that *if* the confessed judgments are void, then they may be challenged at any time, we remand this case for a determination of the status of the confessed judgment underlying this dispute.

Jurisdiction relinquished.

Justice BAER joins the opinion.

Chief Justice CAPPY files a concurring opinion in which Justice CASTILLE and BAER join.

Justice SAYLOR files a concurring and dissenting opinion in which Justice EAKIN joins.

Chief Justice CAPPY, concurring.

I agree with the majority that the time limit set forth in Pa.R.C.P. No. 2959(a)(3) does not apply to a petition seeking relief from a judgment by confession that is allegedly void. This conclusion is a matter of rule construction. *See* Pa. R.C.P. No. 127(a), 101. In my view, it was the intent of this Court in adopting Pa.R.C.P. No. 2959(a)(3) to continue the long-standing distinction under the common law between void-

able and void confessed judgments, and to retain the rule that while petitions challenging the former are subject to the doctrine of laches, petitions challenging the latter may be brought at any time. *See Romberger v. Romberger,* 139 A. 159, 160 (1927). That is not to say, as the majority indicates, that this Court did not have the authority to extend the time limit in Pa.R.C.P. No. 2959(a)(3) to petitions seeking relief from a confessed judgment that is alleged to be void. I know of no principle that would have prevented this Court from doing so, if that had been our intent.

Justice CASTILLE and BAER join this concurring opinion.

Justice SAYLOR, concurring and dissenting.

I agree with the Chief Justice's position that this Court may fashion a rule that elevates the interests of finality over validity as regards at least some range of confessed judgments that would otherwise be deemed "void," so long as notice and any other relevant due process requirements are satisfied. *See* Concurring Opinion, *Op.* at 496–97, 937 A.2d at 402 (Cappy, C.J.). I also concur with the majority's determination that this Court's adoption of Civil Procedural Rule 2959 was not intended to modify the void-versus-voidable distinction as developed in the cases.

I do, however, believe that, prospectively, at least, this Court should consider developments in the law that have occurred since that doctrine first appeared, particularly as such framework seems overly rigid in subordinating the interests of finality to validity. *See generally Hodge v. Hodge,* 621 F.2d 590, 592 (3d Cir.1980) ("The problem has always been one of balancing judicial concerns for finality against those for validity of judgments. Although traditional doctrine emphasized the importance of validity, the modern trend accords substantially greater weight to finality."); *Jones v. Seymour,* 321 Pa.Super. 32, 35 n. 1, 467 A.2d 878, 880 n. 1 (1983) ("The problems engendered by the rule that laches cannot run against a 'void' judgment has been the subject of much thoughtful commentary.... We note that while there are

recent cases in which this court applie[d] the rule, ... the Supreme Court cases which fashioned the rule are fairly old. The time may be ripe for the Supreme Court to review whether the rule is still appropriate." (citations omitted)). In this regard, Appellee notes that the second Restatement of Judgments favors modification of the "void judgment" concept and adoption of a methodology emphasizing finality and the totality of the circumstances. *See* Appellee's Supplemental Brief at 5. Section 12, in particular, indicates:

> When a court has rendered a judgment in a contested action, the judgment precludes the parties from litigating the question of the court's subject matter jurisdiction in subsequent litigation except if: (1) The subject matter of the action was so plainly beyond the court's jurisdiction that its entertaining the action was a manifest abuse of authority; or (2) Allowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government; or (3) The judgment was rendered by a court lacking capability to make an adequately informed determination of a question concerning its own jurisdiction and as a matter of procedural fairness the party seeking to avoid the judgment should have opportunity belatedly to attack the court's subject matter jurisdiction.

REST. (SECOND) JUDGMENTS § 12. The comment to this provision explains that

> the principle of finality rests on the premise that the proceeding had the sanction of law, expressed in the rules of subject matter jurisdiction.... If the [jurisdictional] question is decided erroneously, and a judgment is allowed to stand in the face of the fact that the court lacked subject matter jurisdiction, then the principle of validity is compromised. On the other hand, if the judgment remains indefinitely subject to attack for a defect of jurisdiction, then the principle of finality is compromised.

> The essential problem is therefore one of selecting which of the two principles is to be given greater emphasis. Traditional doctrine gave greater emphasis to the principle of validity, at least when judgments of tribunals of limited

jurisdiction were concerned, asserting that a judgment of a court lacking subject matter jurisdiction was "void" and forever subject to attack. . . .

The difficulties with traditional doctrine [included that] it resolved the problem of primacy between validity and finality in terms that did not, at least overtly, refer to other interests that might determine which of the two principles was given greater effect in a specific situation. If the principles of finality and validity are recognized as both being fundamental, then the only sensible way of choosing between them would appear to be in terms of such other interests.

*Id.*, Official Cmt. a; *see also Tice v. Nationwide Ins. Co.*, 284 Pa.Super. 220, 229–30, 425 A.2d 782, 787 (1981) (Spaeth, J., concurring) (observing that "the drafters of the Restatement (Second) express the opinion that if the requirements for validity are not met, a judgment may be subject to avoidance, not, however, as an automatic consequence, but depending on the nature of the defect, the opportunity of the complaining party to challenge the defect, and on whether there has been reliance on the judgment," and opining that "[t]hese developments in the law should encourage us to take the view of the Restatement (Second)").

In sum, even within the framework of procedural rules that potentially allow an invalid judgment to be attacked after expiration of the limitation period that would otherwise apply, as a matter of procedural rulemaking I would likely favor giving preeminence to validity over finality only where the equities clearly favored the judgment debtor, such as where personal jurisdiction was lacking and it would be manifestly unfair to require the debtor to defend himself in a Pennsylvania court.

Finally, it seems clear that Appellant may not prevail under any reasonable construction of the existing rule. Appellant requested that the confessed judgments be stricken off on the basis that the amendments to the promissory notes did not restate the cognovit clauses. *See* Defendant's Motion to Strike Confessed Judgment at ¶ 33; RR. 20; Majority Opin-

ion, *op.* at 490–93 & nn. 1–2, 937 A.2d at 398–400 & nn. 1–2. This asserted defect plainly does not fall into the jurisdictional category delineated by the majority in order for the confessed judgments to be considered void. *See id.* at 490, 937 A.2d at 398 ("A void judgment arises when the court lacks subject matter jurisdiction[.]"). Notably as well, the parties have briefed the issue and do not contend that the trial court lacked subject matter jurisdiction. Under these circumstances, the trial court's decision not to strike off the judgments can, in my view, be affirmed outright at this juncture. While the majority declines to address Appellee's argument to this effect on the premise that the issue is not before the Court, *see* Majority Opinion, *op.* at 494–96, 937 A.2d at 401–02, such reasoning overlooks that an appellate court may affirm a valid judgment or verdict for any reason appearing as of record. *See Commonwealth v. Parker,* 591 Pa. 526, 534–35, 919 A.2d 943, 948 (2007). Therefore, as it is clear from the record that Appellee will prevail on remand (and indeed would be entitled to prevail regardless of whether Rule 2959(a)(3)'s time limitation could be applied to "void" judgments as that term is used by the majority), I would simply affirm the judgment of the trial court and relinquish jurisdiction to that tribunal for any further proceedings that may be necessary in the case.

Justice EAKIN joins this concurring and dissenting opinion.