J-A25036-17

2018 PA Super 26

| ROBERT W. DRISCOLL, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN A. ARENA | : | No. 226 EDA 2017 |

Appeal from the Order Entered December 19, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 03288, May Term, 2016

| ROBERT W. DRISCOLL, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN A. ARENA | : | No. 228 EDA 2017 |

Appeal from the Order Entered December 30, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 03293, May Term, 2016

| ROBERT W. DRISCOLL JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS ARENA | : | No. 286 EDA 2017 |

Appeal from the Order Entered December 14, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 03286 May Term 2016

BEFORE: OTT, STABILE, JJ., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.: **FILED FEBRUARY 12, 2018**

_____

* Former Justice specially assigned to the Superior Court.

In these consolidated Appeals, Appellant Robert W. Driscoll, Jr., appeals from the Orders entered on December 14, 2016, December 19, 2016, and December 30, 2016, in the Court of Common Pleas of Philadelphia County granting the Petitions to Strike and/or Open Judgment by Confession filed by Appellee John A. Arena and Appellee Thomas Arena (hereinafter collectively "Appellees").[1] Upon our review we affirm.[2]

The instant appeal was preceded by a rather complicated and convoluted procedural history involving a failed attempt to remove the underlying civil actions to the Massachusetts federal court, although the facts that give rise to the underlying petitions to strike or open the Confessed Judgments may be simply stated. The Complaints in Confession of Judgment arose out of three loan transactions between Appellant and Appellees all of which related to commercial real estate ventures. On March 24, 2005, Appellee Thomas Arena executed a Promissory Note which provided that in the event of default, Appellant was empowered by him to confess judgment

_____

[1] On January 30, 2017, the parties filed a Stipulation to Consolidate Appeals pursuant to Pa.R.A.P. 513 in three separate matters originally docketed at 226 EDA 2017, 228 EDA 2017, and 286 EDA 2017. Therein, the parties stated the matters "all concern the same underlying facts and the same question of law on appeal, and are all controlled by the same court decision granting appellees' motions to strike."

[2] In a *Per Curiam* Order entered on March 30, 2017, this Court quashed the instant appeal as interlocutory; however, upon consideration of Appellant's Application for Reconsideration of that Order, this Court vacated that Order and reinstated the appeal in a *Per Curiam* Order entered on April 28, 2017. Therein, we further indicated we would take no further action at that time and would refer the issues to the panel assigned to decide the merits of the appeal. The matter was thereafter referred to this panel for consideration.

in any court of record. Thomas Arena further agreed to pay Appellant the principal sum of $183,861.00, together with interest on or before the earlier of the sale of any properties in which he had an ownership stake on or September 1, 2005. Also on that date, Appellee John A. Arena executed a Promissory Note in favor of Appellant for the same amount and pursuant to identical terms. Subsequently, on October 27, 2009, John A. Arena signed a Promissory Note whereby he promised to pay Appellant $17,500.00, plus interest on or before January 31, 2010.

On May 25, 2016, Appellant filed two Complaints in Confession of Judgment against Appellees in the amount of $336, 986.00, and one in the amount of $37,164.69 which included principal payment of the loans, interest, and attorney's fees of 5%. On that same date, judgment was entered against Appellees in the amount of $336,966. 85, $336,966.85, and $37, 164.69. The judgments were served upon Appellees on June 1, 2016.[3] On June 29, 2016, Appellant served Appellees with Execution Notices pursuant to Pa.R.C.P. 2958.1 notifying them of his intent to seek execution on the Confessed Judgments.

Throughout the months of June, July and August of 2016, the parties litigated Appellees' lawsuits filed in the United States District Court for the

---

[3] The two larger judgments were later assessed to be $335,569.57 on June 26, 2016. Appellees do not challenge the actual amount of the Confessed Judgments.

District of Massachusetts to remove all three matters to federal court in Massachusetts. On September 23, 2016, Appellees filed Motions to Strike and/or Open Confessed Judgment and Stay Execution on Confessed Judgment in the Philadelphia Court of Common Pleas wherein they asserted the judgments were void. Specifically, Appellees maintained the Notes were not sealed documents; therefore, Appellant had failed to file his Complaints for Confession of Judgment within the applicable statute of limitations.[4] On November 18, 2016, Appellant filed his Responses to the Motions to Strike wherein he asserted, *inter alia*, that the Motions had been untimely filed and that Appellees had not asserted a compelling reason for their untimeliness pursuant to Rule 2959(a)(3).

In December of 2016, the trial court entered three separate Orders granting Appellees' Petitions to Strike and striking the Complaints in Confession of Judgment.[5] In doing so, the trial court determined the Promissory Notes were not instruments under seal and, therefore, Appellant had brought the complaints after the applicable statute of limitations had expired. Appellant filed timely notices of appeal from the three, consolidated

---

[4] Section 5525(a)(8) of the Judicial Code establishes a four-year limitation period for "[a]n action upon a contract, obligation, or liability founded upon a writing not specified in paragraph [(a)](7), under seal or otherwise, except an action subject to another limitation specified in this subchapter." 42 Pa.C.S.A. § 5525(a)(8).

[5] Although we refer to the trial court in the singular, two trial court judges issued opinions herein.

Orders striking the Confessed Judgments on January 10, 2017. The trial court did not order Pa.R.A.P.1925(b) statements, but it filed opinions on February 6, 2017, and May 25, 2017, wherein it addressed and denied the merits of Appellant's arguments.

In his brief, Appellant presents the following Statement of the Questions Involved:

> 1.    Whether a promissory note that includes a statement of intent that such note is to be sealed is in fact a sealed instrument if such promissory note states that it is a sealed instrument in the body of the promissory note[?]
>
> 2.    Whether the omission of the word SEAL or initials L.S. near the signature block is a fatal defect on the face of a confessed judgment that causes such confessed judgment to be void, and not just voidable[?]
>
> 3.    Whether the [t]rial [c]ourt can grant an untimely motion to strike on the basis of a statute of limitations defense if such defense was waivable and where the filing movant failed to provide a compelling reason for the untimely filing[?]

Consolidated Brief of Appellant at 5.

It is well-settled that prior to reaching the merits of any appeal, this Court initially must ascertain whether the order appealed from is properly appealable. *Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa.Super. 1997). Since the question of appealability implicates this Court's jurisdiction, we may raise the issue *sua sponte*. *Commonwealth v. Baio*, 898 A.2d 1095, 1098 (Pa.Super. 2006).

In general, this Court's jurisdiction "extends only to review of final orders." ***Rae v. Pa. Funeral Dir's Ass'n***, 602 Pa. 65, 67, 977 A.2d 1121, 1124-25, (2009); Pa.R.A.P. 341 ("an appeal may be taken as of right from any final order.")  A final order is defined as any order that disposes of all claims and of all parties or is entered as a final order pursuant to Pennsylvania Rule of Appellate Procedure 341(c).  Pa.R.A.P. 341(b)(1),(3).  An order striking a judgment typically is not appealable, because "[s]uch an order anticipates further litigation because the parties are placed back in the position they were in prior to the entry of the judgment." ***UPS v. Hohider***, 954 A.2d 13, 16 (Pa.Super. 2008).  However, an order striking judgment is appealable when its effect is to end the existing litigation and require the filing of a new action. ***Id.***

Under ***Hohider's*** rationale, we find the present Orders striking Appellant's Confessed Judgments are final and immediately appealable. Confession of judgment actions are stand-alone actions, and different rules of procedure govern confession of judgment actions than those which apply to standard contract or tort actions.[6]  Herein, Appellant's Complaints contained only a count seeking Confession of Judgment; thus, when the trial court struck Appellant's Judgments, its Orders effectively ended the action.   Having

---

[6] For instance, the Rules prohibit the complaint from having either a notice to defend or a notice to plead in a confession of judgment action, Pa.R.C.P. 2952(b), whereas civil complaints must contain a notice to plead.

concluded that the Orders appealed from are final orders, we proceed to a consideration of the merits of the issues Appellant has raised for our review. In doing so, we employ a well-settled standard of review. A trial court may grant a petition to strike a judgment:

> only if a fatal defect or irregularity appears on the face of the record. Similarly, we review [an] order denying [an] Appellant's petition to open [a] confessed judgment for an abuse of discretion.
>
> ***
>
> In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.,* the complaint and the documents which contain confession of judgment clauses. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken. However, if the truth of the factual averments contained in such record are disputed, then the remedy is by a proceeding to open the judgment and not to strike. An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered... When determining a petition to open a judgment, matters *dehors* the record filed by the party in whose favor the warrant is given, *i.e.,* testimony, depositions, admissions, and other evidence, may be considered by the court. ***Hazer v. Zabala***, 26 A.3d 1166, 1169 (Pa.Super. 2011) (citations omitted).

***Osprey Portfolio, LLC v. Izett***, 32 A.3d 793, 795–96 (Pa.Super. 2011), *aff'd*, 620 Pa. 274, 67 A.3d 749 (2013).

Appellant's first two issues require a determination as to whether Appellees signed a contract under seal when they executed the Promissory Notes, as this finding dictates whether the twenty-year statute of limitations found set forth in 42 Pa.C.S.A. § 5529(b)(1) is applicable. Black's Law Dictionary defines "seal" generally as "[a] design embossed or stamped on

paper to authenticate, confirm, or attest; an impression or sign that has legal consequence when applied to an instrument." *Black's Law Dictionary* 1550 (10[th] ed. 2014). In ***Beneficial Consumer Discount v. Dailey***, 644 A.2d 789 (Pa.Super. 1994), this Court stated:

> [i]t is well-established that, although a vestige of the past, the contract under seal may still operate to lengthen the statute of limitation. The Daileys argue forcefully-and we do not think anyone would disagree-that an ordinary consumer transaction hardly represents the solemnity that was once envisioned by a party signing a contract under seal. Yet, this court has held, in accord with many cases written by our Supreme Court, that when a party signs a contract which contains a pre-printed word "SEAL," that party has presumptively signed a contract under seal. ***Klein v. Reid***, 422 A.2d 1143 (1980).

***Id***. at 790. A contract under seal operates to lengthen the statute of limitation and an instrument containing the word "seal" or its equivalent is deemed a sealed instrument if the maker adopts the seal through his or her signature. ***See Swaney v. Georges Township Road District***, 309 Pa. 385, 164 A. 336 (1932); ***Collins v. Tracy Grill & Bar Corp.***, 19 A.2d 617 (Pa.Super. 1941).

Herein, each of the Promissory Notes contains a paragraph entitled "Waiver" which includes the following language: "Borrower intends this to be a sealed instrument and to be legally bound thereby." Appellant maintains this statement alone evinces the parties created a sealed instrument under which they intended to be bound. Consolidated Brief of Appellant at 19-20. We disagree.

As stated previously, the Judicial Code provides that, generally, "[a]n action upon a contract, obligation or liability founded upon a writing not

- 8 -

specified in paragraph (7), under seal or otherwise, except an action subject to another limitation specified in this subchapter" must be commenced within four years. 42 Pa.C.S.A. § 5525(a)(8). However, the General Assembly has made the decision to provide a twenty-year statute of limitations to instruments under seal. 42 Pa.C.S.A. § 5529(b)(1) entitled "Twenty year limitation" reads, in pertinent part:

> **(b) Instruments under seal.**—
>
> (1) Notwithstanding section 5525(7) (relating to four year limitation), an action upon an instrument in writing under seal must be commenced within 20 years.

*Id*.

In holding that the term "under seal or otherwise" as used in the four-year statute of limitations applicable to written contract actions means "under seal or not under seal" and that the four-year statute, rather than the six-year general statute, applies to written contracts not under seal, this Court reasoned as follows:

> When faced with an issue of statutory construction, the goal of a court should be to effectuate the intention of the legislature. 1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded...." 1 Pa.C.S. § 1921(b). Here, the words of the statute are clear and free of ambiguity. The statute of limitations for an action based on "a contract, obligation or liability founded upon a writing ... under seal or otherwise" is four years. The words and phrases used in a statute are to be construed according to rules of grammar and in accord with their common and approved usage. 1 Pa.C.S. § 1903(a). The term "otherwise," when used as an adjective is synonymous with "different" or "other." MacMillan Contemporary Dictionary 713 (1979). **It seems clear, therefore, that the**

> words "under seal or otherwise" can only mean "under seal or not under seal." It cannot mean under seal or in a manner having the effect of a seal.

*Packer Soc. Hill Travel Agency, Inc. v. Presbyterian Univ. of Pennsylvania Med. Ctr.*, 635 A.2d 649, 651 (Pa.Super. 1993) (emphasis added). We further stressed that "the history of our system of law in this Commonwealth [ ] has always recognized a longer period of limitation for contracts under seal." *Id*. at 652.

In addition, "this [C]ourt has held, in accord with many cases written by our Supreme Court, that when a party signs [an instrument] which contains a pre-printed word 'SEAL,' that party has presumptively signed [an instrument] under seal." *In re Estate of Snyder*, 13 A.3d 509, 513 (Pa.Super. 2011) (citations omitted), *appeal denied*, 611 Pa. 652, 25 A.3d 329 (2011). Therein, in finding that the trial court properly had classified each of the pertinent instruments before it as "an instrument in writing under seal" pursuant to 42 Pa.C.S.A. § 5529(b)(1), we first noted that all of the documents qualified as "instruments" because each defined the rights, duties, entitlements, and liabilities of the parties involved. *Id*. at 513 (citing *Black's Law Dictionary* 813 (Brian A. Garner ed., 8th ed. 2004) (stating that an instrument is "[a] written legal document that defines rights, duties, entitlements, or liabilities, such as a contract, will, promissory note," or "in fact, any written or printed document that may have to be interpreted by the Courts")).

We stressed the documents memorializing both a $6,000.00 mortgage and a $20,000.00 mortgage, along with the documents memorializing the several bond and warrant securities underlying each mortgage, "categorically specif[ied] that each instrument was signed under seal." We concluded that "[b]ecause each document specifies that it is under seal, our law presumes that the signatories of each document have, in fact, signed an instrument under seal. **See Beneficial Consumer Discount**, [**v. Dailey**, 644 A.2d 789 (Pa.Super. 1994)] [ ] at 790." Therefore, we held the twenty-year statute of limitations time period set forth in § 5529(b)(1) was the applicable limitations period for the facts in that case. **Id**. Similarly, in **Osprey, supra,** our Supreme Court noted the Promissory Note at issue "included a confession of judgment clause and stated that it was 'executed under seal' with the designation '(SEAL)' as part of the signature line." **Id**. at 274-75, 67 A.3d at 750.

To the contrary, in the matter *sub judice*, there is no passage as part of the signature lines on the Promissory Notes or elsewhere to the effect that the parties have caused the agreement to be duly executed and sealed. Indeed, there is no language anywhere thereon to indicate the Notes had been "signed under" or "given under seal," nor does the pre-printed word "SEAL" or other such mark appear anywhere near either of the Appellee's signature.

Moreover, Appellant has cited to no caselaw, nor has our research uncovered any, to support a position that the single reference buried in the

"Waiver" paragraph of the Promissory Notes that Appellees intend the documents to be sealed instruments is sufficient to presumptively create a sealed instrument. **See** Trial Court Opinion, filed 12/14/16, at 11.[7] An "intention" that something is to be a sealed instrument does not mean that it, in fact, is one, for "what statute of limitations will apply to instruments under seal if a seal is, for all purposes, not only surplusage but also meaningless?" **Toll v. Pioneer Sample Book Co.**, 373 Pa. 127, 132, 94 A.2d 764, 766 (1953); **see also Packer Soc. Hill Travel Agency**, **supra**. Accordingly, we do not disturb the trial court's holding that the Promissory Notes are not sealed instruments and, therefore, the twenty-year statute of limitations under Section 5529(b)(1) for instruments in writing under seal under Section 5529 is inapplicable.

In his third issue, Appellant posits that because Appellees failed to demonstrate that there were compelling reasons for their delay in filing their Petitions to Strike and/or Open Confessed Judgments in accordance with Pa.R.C.P. 2959, their petitions should be denied. Appellant further maintains that the Confessed Judgments were not void on their face but, rather, were merely voidable because there was not fatal defect in them. Consolidated

---

[7] In its Opinion of January 26, 2017, filed Pursuant to Pa.R.A.P. 1925(a) following appeal, the trial court incorporated its December 14, 2016, Opinion and indicated that for the reasons set forth therein, its Orders entered on December 14, 2016, should be affirmed; however, the two, referenced Orders were docketed on December 14, 2016, and December 19, 2016.

Brief for Appellant at 39. With regard to this issue, in its Opinion filed on December 14, 2016, in support of its decision to strike confessed judgment, the trial court stated:

> The court is well aware that [Appellees] filed [their] petition to strike or open beyond the thirty-day period required under Pa.R.C.P. 2958.1(a). However, [Appellees'] error cannot be used to defeat [their] petition: "historically void confessed judgments could be stricken off or opened at any time as they were considered a legal nullity because the court lacked subject matter jurisdiction over the matter…[A] void judgment is a mere blur on the record, and which it is the duty of the court of its own motion to strike off, whenever its attention is called to it." M & P Mgmt., L.P. v. Williams, 937 A.2d 398 (Pa. 2007). In this case, the judgment is void because it contains a fatal flaw, even though [Appellees] failed to timely petition this court.

Trial Court Opinion, filed 12/14/16, at 12 n. 7.[8] In considering this issue, we are mindful of the following:

> "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." **Resolution Trust Corp. v. Copley Qu–Wayne Associates**, 546 Pa. 98, 106, 683 A.2d 269, 273 (1996).
>> In considering the merits of a petition to strike, the court will be limited to a review of only the record as filed by the party in whose favor the warrant is given, *i.e.,* the complaint and the documents which contain confession of judgment clauses. Matters *dehors* the record filed by the party in whose favor the warrant is given will not be considered. If the record is self-sustaining, the judgment will not be stricken.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.

---

[8] The trial court reached the same conclusion in its May 25, 2017, Opinion in support of its Order entered on December 30, 2016, granting Appellee John A. Arena's Motion to Strike Confessed Judgment.

> *Hazer v. Zabala*, 26 A.3d 1166, 1169 (Pa.Super. 2011) (quoting *Resolution Trust Corp., supra*). In other words, the petition to strike a confessed judgment must focus on any defects or irregularities appearing on the face of the record, as filed by the party in whose favor the warrant was given, which affect the validity of the judgment and entitle the petitioner to relief as a matter of law. *ESB Bank v. McDade*, 2 A.3d 1236, 1239 (Pa.Super. 2010). "[T]he record must be sufficient to sustain the judgment." *Id.* The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits. *Resolution Trust Corp., supra* at 108, 683 A.2d at 274.

*Neducsin v. Caplan*, 121 A.3d 498, 504 (Pa.Super. 2015), *appeal denied*, 635 Pa. 726, 131 A.3d 492 (2016).

In *M & P Management*, *L.P. v. Williams*, 594 Pa. 489, 937 A.2d 398 (2007) the Pennsylvania Supreme Court reversed this Court's prior determination that Pa.R.C.P. 2959(a)(3)[9] had been intended to eliminate the potential for striking off or reopening a confessed judgment after the thirty-day time period announced in the rule regardless of whether the judgment was void, voidable or valid. In doing so, the Court determined that even though the petition to strike the confessed judgment at issue therein had not

---

[9] Rule 2959. entitled "Striking Off or Opening Judgment; Pleadings; Procedure," states, in relevant part:

> (3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

Pa.R.C.P. 2959(3).

been filed until two years after judgment was entered, "[a] void judgment arises when the court lacks subject matter jurisdiction, and a judgment from a court that lacks jurisdiction cannot be made valid through the passage of time." *Id*. at 490-91, 937 A.2d at 398. The Court further reasoned that "where the court lacked jurisdiction, as it does when it enters a void confessed judgment, the court cannot enter a valid judgment, no matter how much time has passed." *Id*. at 494, 937 A.2d at 401. Consequently, because the lower court had not made a determination as to the status of the confessed judgment, the Supreme Court remanded for a determination as to whether the judgment at issue actually was void and for the issuance of an appropriate order following its determination. *Id*.

As stated previously, a four-year statute of limitations period generally applies to an action under contract, while the statute of limitations governing an unsealed negotiable instrument is six years. *See* 42 Pa.C.S.A. § 5525; 13 Pa.C.S.A. § 3118(a). Finding it unnecessary to discuss which statute governed the Promissory Notes herein, the trial court found that Appellant confessed judgment beyond the longer, six-year time period as invoked by Appellees. **See** Trial Court Opinion, filed 12/14/16, at 4 n. 9, 11; *see also*, Trial Court Opinion, filed 5/25/17, 3. The Promissory Notes dated March 24, 2005, were due on September 1, 2005. The third Note was due on January 31, 2010. Assuming, *arguendo*, the Notes are governed by a six-year statute of limitations under the Uniform Commercial Code, 13 Pa.C.S.A. § 3104,

- 15 -

Appellant filed his Complaints in Confession of Judgment on May 25, 2016, almost eleven years after the six-year statute of limitations had run on the initial notes and four months after it had expired on the third Note.

Given that the Complaints in Confession of Judgment were filed after both the four-year and six-year statute of limitations had expired, the Judgments in Confession were void, and the trial court properly entered the Orders striking the same. **M.& P. Mgmt.**, **supra**.

Orders affirmed.

Judge Ott joins the Opinion.

Judge Stabile files a Dissenting Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/18